**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

ROBERT KING                                                                                          PLAINTIFF
ADC #110796

V.                                              NO: 4:10CV00312 HDY

BOBBY GREEN *et al.*                                                                          DEFENDANTS

**ORDER**

Plaintiff filed this complaint on April 28, 2010, alleging constitutional violations in connection with a February 19, 2008, incident at the Pulaski County Regional Detention Facility. On May 31, 2012, Defendant Carl Johnson filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #219-1-#221). Plaintiff filed a response, and a statement of facts, on July 2, 2012 (docket entries #227 & #228).

**I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff, he sustained eye injuries when he was involved in a physical altercation with guards at the Pulaski County Jail on February 19, 2008. Plaintiff asserts that Johnson, a physician, did not examine him until a week after the incident, and when he did, the exam was not thorough. Johnson asserts that he examined Plaintiff on February 27, 2008, that he could properly examine him through the window in his cell, and that Plaintiff was properly treated for his injuries. Johnson also claims that Plaintiff has introduced no medical evidence to establish a detrimental impact from any delay in treatment, and that he is therefore entitled to summary judgment.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'"

*Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Medical records provided by Johnson indicate that Plaintiff was seen by a nurse on February 20, 2008, who ordered Motrin, and an ice pack for his right eye (docket entry #219-1, page #9). Johnson first saw Plaintiff on February 27, 2008, and prescribed a seven day course of antibiotic eye drops (docket entry #219-1, page #8).[1] The evidence submitted by Johnson indicates that Plaintiff was provided with medical care, and Plaintiff has provided no medical evidence to suggest Johnson's care was deficient. Plaintiff has cited the report of an outside optometrist, a Dr. McKenzie, who Plaintiff claims diagnosed permanent damage due to scarring to his right eye, but that report is not in the record.[2] Regardless, there is no assertion that Dr. McKenzie indicated a belief that Plaintiff's eye problems were related to a delay in care, or to any indifference on the part of Johnson in the examination a week after the event.[3] In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment. *Dulany v. Carnahan*, 132 F.3d at 1240. At most, Plaintiff could possibly establish that medical care was delayed due to Johnson's cursory examination. However, even though Plaintiff has seen an outside optometrist, he has not offered any medical evidence to establish

---

[1]Johnson concedes that he observed Plaintiff's eye through the cell door window (docket entry #220, page #8). According to Johnson, this was because of Plaintiff's recent altercation.

[2]It appears that Dr. McKenzie is the same physician referred to as Dr. McKinney in Johnson's brief in support of his motion. Dr. McKinney apparently saw Plaintiff in December of 2009, after an initial medical screening in May of 2008, when Plaintiff was in the process of entering the Arkansas Department of Correction (docket entry #220, pages #17 & #18).

[3]It should also be noted that there is no indication that Johnson was made aware of a need to evaluate Plaintiff at any point before February 27, 2008.

a detrimental effect because of the alleged delay in care. *See Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997) (when an inmate alleges that a delay in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay). Accordingly, Johnson's motion for summary judgment should be granted.

### III. Conclusion

IT IS THEREFORE ORDERED THAT the motion for summary judgment filed by Defendant Carl Johnson (docket entry #219-1) is GRANTED, Plaintiff's claims against Johnson are DISMISSED WITH PREJUDICE, and Johnson's name is removed as a party Defendant.

DATED this __12__ day of July, 2012.

UNITED STATES MAGISTRATE JUDGE